## Elizabeth M. Nance v. George E. Webb.

1. **PROCESS: CAUSE OF ACTION NEED NOT BE ENDORSED: SHERIFF'S FAILURE TO STATE DATE OF RECEIPT.** — The statute requires that a summons shall notify the defendant that an action has been commenced against him or her; the cause of action need not be endorsed, nor can the defendant take advantage of the failure of the sheriff to state on the summons the date of its receipt.

ERROR to the Circuit Court of Noxubee county. Hon. H. W. Foote, judge.

*James T. Harrison, Beauchamp & Welsh,* for plaintiff in error.

No brief on file.

*Jarnagin & Rives* for defendant in error.

SHACKELFORD, C. J., delivered the opinion of the court.

This is an action of assumpsit instituted upon a promissory note to the April Term, 1868, of the Circuit Court of Noxubee county.

Judgment by default at the same term of the court.

The case is here by writ of error.

There are eight grounds of error assigned in this case, all having reference to the summons issued in the case, which, being condensed, are in substance as follows:

There was no cause of action endorsed upon the summons. There was no endorsement upon the summons when the same was issued by the clerk, or when the sheriff received the summons. There is nothing in the summons which shows the cause of action or amount claimed. The summons does not demand any damages.

The declaration does not follow the summons. The declaration is founded upon a cause of action wholly unknown to the summons. There is no summons claiming damages, or stating any cause of action to support subsequent proceedings. The said summons is void for uncertainty, in not stating any action, etc.

By an inspection of the summons in the record, it appears that it was issued on the twenty-sixth day of March, 1868, and has the seal of the court attached. It is directed to the sheriff of the county of Noxubee, commanding him to summon the defendant, Nance, to be and appear and answer the action instituted against her, on the second Monday after the fourth Monday of March, A.D. 1868.

This summons was regularly executed upon the plaintiff in error five days before the return day.

In articles 60 and 61, p. 488, of Revised Code, appear the only requisites for a summons in a civil suit, in this State, except when otherwise provided for.

It is not required by either of these articles that the cause of action should be endorsed upon the summons. The only requisite seems to be that the defendant should be notified that an action has been commenced in the proper court against him or her.

These objections are clearly untenable. That the sheriff did not endorse upon the summons when he received it, is of no consequence. Whether he did or did not, is a matter which plaintiff in error has nothing to do with, or to complain of.

The grounds of error are frivolous, and were so considered by counsel, as he did not attempt to sustain them by an argument.

The case evidently was brought into this court for procrastination.

Let the judgment be affirmed.